

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–810

| | |
|---|---|
| JAMES DOUGLAS MANKEN<br>APPELLANT | **Opinion Delivered** February 17, 2016 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. JV-2014-586-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>APPELLEE | HONORABLE TOM SMITH, JUDGE<br>AFFIRMED AS MODIFIED |

## M. MICHAEL KINARD, Judge

Appellant, James Manken, appeals from the final order entered by the Benton County Circuit Court in a juvenile case involving four-year-old J.M. A year after J.M. was removed from the physical custody of his grandmother and his subsequent adjudication as dependent-neglected, the Arkansas Department of Human Services (DHS) filed a petition to terminate the parental rights of the child's mother. The petition also alleged that appellant was a putative father but that he had not established paternity, had not had significant contacts with the child or provided material support for him, and had not otherwise taken any action to cause any parental rights to attach.[1] Therefore, the petition alleged, since appellant had no

---

[1] *See* Ark. Code Ann. § 9-27-341(c)(2)(A)(ii) (Supp. 2013) ("If no legal rights have been established, a putative parent must prove that significant contacts existed with the juvenile in order for the putative parent's rights to attach."). We note that Act 1022 of 2015 deleted the quoted section and amended sections 9-27-311(c) & 9-27-325(o) (Supp. 2015) so as to provide that a putative parent to whom no rights have attached will no longer be made a party to a dependency-neglect proceeding in the first place.

SLIP OPINION

parental rights to the child, he should be dismissed from the action. Alternatively, the petition prayed that, if appellant were shown to have any parental rights, then those rights should be terminated based on grounds stated elsewhere in the petition. After a hearing on the petition, the mother's rights were terminated based on her execution of a consent to the termination, and she is not involved in this appeal. As related to appellant, the order further reached findings and conclusions in accord with both the primary and alternative bases for relief sought by DHS. Appellant appeals from that order.

Appellant does not challenge the sufficiency of the evidence to support the findings underlying either of the trial court's conclusions. Rather, he argues only that the court erred in treating him as though he had two "opposing legal statuses," *i.e.*, that he was both a nonparent to whom no parental rights had ever attached and a parent whose rights should be terminated. He seeks reversal of the order and remand of the case for the trial court to "definitively decide [appellant's] legal status and to proceed from there accordingly."

Our view of the case makes remand unnecessary. Although the trial court's order is certainly not a model of clarity, reading it in its entirety and in context with the pleadings, we conclude that the trial court determined first and foremost that appellant was not a person to whom any parental rights had ever attached and that he should be dismissed from the case. We think, as both parties before this court apparently also do, that the decision regarding "termination" of appellant's "parental rights" was an alternative disposition that would be effective only if the trial court's first stated basis for disposition of the case against appellant

2

were to be reversed on appeal.[2]  As stated, appellant makes no challenge on appeal to the trial court's ruling that he had no parental rights to begin with.  Indeed, the only prejudice that appellant even claims to have suffered as a result of the order is that, if read as an involuntary termination of his parental rights, then the order alone could serve as a statutory ground for the termination of his rights to another child in the future.  *See* Ark. Code Ann. § 9-27-341(b)(3)(A)(ix)*(a)(3)(A)(4)* (Supp. 2015).  Since appellant does not challenge the ruling that he had no parental rights to the child in this case, there is no basis on which to reverse that aspect of the order.  Moreover, since that same aspect of the order affords complete relief to DHS, and since it is not being reversed on appeal, the alternative findings and conclusions regarding "termination" of appellant's "parental rights" never come into play.

Our recent decision in *Whitehead v. Arkansas Department of Human Services*, 2016 Ark. App. 42, ___ S.W.3d ___, where this court reversed an order terminating Whitehead's parental rights and remanded for further proceedings, does not dictate a different conclusion. In the first place, *Whitehead* is distinguishable from the present case.  There, unlike here, this court held that Whitehead had not been dismissed from the action by the trial court.

---

[2] It seems obvious that the trial court proceeded as it did because it had the parties properly before it, and going ahead and dealing with all of the issues presented at the hearing would serve to move the case along and minimize the need for a new round of hearings (and ensuing delay) in the event that appellant were to successfully challenge on appeal the court's first stated basis for its decision.  Courts and agencies routinely make alternative findings, and the alternative decision here was likely seen as furthering the goal stated by the General Assembly of avoiding any unnecessary delay in achieving permanency in the placement of children who have been brought into the juvenile court system.  *See* Ark. Code Ann. § 9-27-341(a)(3) (stating the intent of the statute); *see also In re Adoption of Rules 6-9 and 6-10 of the Rules of the Supreme Court & Court of Appeals*, 366 Ark. App'x 628 (2006) (rules adopted "to expedite the appellate process in dependency-neglect cases").

SLIP OPINION

Moreover, unlike the present case, there is no indication that the termination–of–parental–rights conclusion in *Whitehead* was cast as an alternative disposition to a determination that no parental rights had attached in the first place. Also unlike the present case, Whitehead made a merits-based argument on appeal that the trial court had erred in finding that no parental rights had attached.[3]

In any event, the law is clear that in a traditional equitable action an appellate court may always enter such order as the trial court should have entered. *Ferguson v. Green*, 266 Ark. 57, 587 S.W.2d 18 (1979); *White v. White*, 50 Ark. App. 240, 905 S.W.2d 485 (1995). Where the record is fully developed and we can plainly see where the equities lie, this court should decide the case without remanding it to the trial court. *Ferguson*, *supra*. Here, there is no need for additional evidence to be presented or for the trial court to make any additional findings and thus no need for a remand.

We hold that the trial court's order here effectively provides that appellant is not a person to whom any parental rights ever attached and that he was therefore dismissed from the action. That decision is unchallenged on appeal and is affirmed. The remaining findings and conclusions regarding appellant were intended to be alternative and applicable only in the event of a condition (reversal of the determination that appellant had no parental rights) that did not materialize. To the extent that the order might be read in the future as an involuntary

---

[3] Nor does *Wright v. Arkansas Department of Human Services*, 2014 Ark. App. 676, 449 S.W.3d 721, cited by appellant, compel a remand. Similar to *Whitehead* and unlike here, the trial court's termination decision in *Wright* was not stated as an alternative to its separate finding that no parental rights had ever attached. Moreover, *Wright* itself was not remanded for any action by the trial court.

termination of appellant's parental rights to this child, we hereby modify the order to make it clear that it shall not be read in that manner. Because no parental rights existed to be terminated under the circumstances of this case, we hold that no such termination occurred. This modification suffices to remove the only prejudice about which appellant complains.

Affirmed as modified.

VIRDEN and GLOVER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.