Cite as 2019 Ark. App. 394

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-39

| | |
|---|---|
| KATHERINE PARKER<br>APPELLANT | **Opinion Delivered:** September 18, 2019 |
| V. | APPEAL FROM THE MILLER<br>COUNTY CIRCUIT COURT<br>[NO. 46JV-16-39] |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILD | HONORABLE CARLTON D. JONES,<br>JUDGE |
| APPELLEES | AFFIRMED AS MODIFIED |

**KENNETH S. HIXSON, Judge**

Appellant Katherine Parker appeals after the Miller County Circuit Court filed an order terminating her parental rights to G.P. (DOB 3-25-2015). Appellant argues on appeal that (1) the trial court erred in terminating her parental rights on the basis of the grounds asserted in the petition because there was insufficient proof offered to support those grounds; (2) if this court affirms the decision to terminate her rights, the case must be reversed for an order voluntarily terminating her rights based on consent because the court found that it was not timely revoked; and (3) the trial court erred in finding that termination of her parental rights was in G.P.'s best interest. We affirm as modified.

I. *Facts*

On March 11, 2016, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect of G.P. In the affidavit attached to the petition, DHS stated that a seventy-two-hour hold was exercised over G.P. because

she was in immediate danger due to the allegations involving inadequate supervision. When G.P. was removed, G.P. had been living with her maternal grandmother, and appellant, a minor herself, was living with her half sister in Texas. The trial court granted the petition, finding that probable cause existed for the removal. In the May 2, 2016 adjudication order, G.P. was found to be dependent-neglected as a result of neglect. Appellant was ordered to submit to random drug screens, submit to a psychological evaluation, successfully complete counseling if recommended, successfully complete parenting classes, maintain employment, and maintain regular contact with G.P. The goal of the case was set as reunification with a concurrent plan for relative placement, and the dependency-neglect case proceeded in the normal course with further hearings.

There were several review hearings throughout this proceeding, most of which appellant attended.[1] A second permanency-planning hearing was held on March 14, 2018. It was at this hearing that the trial court changed the goal from reunification to adoption and authorized DHS to file a petition for termination of parental rights. Regarding appellant, the trial court found the following:

> The mother HAS NOT complied with the case plan and the orders of the Court. Specifically, the mother has not obtained independent housing, she has not obtained her GED, she has not submitted to a psychological evaluation, she has had positive drug screens, she has not submitted to a hair strand test, and she has not submitted to a drug/alcohol assessment. The mother did state that she babysits but has failed to provide proof. The mother did submit to a random drug screen in January of this year and was positive for Meth and THC. The mother stated in open court that she has been actively seeking employment.

---

[1]A detailed recitation of the facts and description of the review hearings are unnecessary due to the relief awarded appellant herein.

DHS filed a petition for termination of parental rights on March 15, 2018. DHS alleged several grounds for termination under Arkansas Code Annotated section 9-27-341(b)(3)(B) (Supp. 2017) that were applicable to appellant, including the failure-to-remedy, failure-to-provide-material-support or maintain-meaningful-contact, abandonment, other-subsequent-factors, and aggravated-circumstances grounds.

Appellant was represented by counsel. Before the hearing for the termination of parental rights, on July 24, 2018, appellant signed her consent to the termination of her parental rights pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(v)*(a)*. At the beginning of the hearing, appellant's counsel informed the court that appellant had signed a consent to the termination and would like to be excused from the hearing. In appellant's written consent, she specifically stated that she was freely and voluntarily relinquishing all of her "rights and terminate my relationship of parent and child as to [G.P.] in order that the said child may be placed in a permanent home." Moreover, the written consent stated that appellant was of the "firm conviction and belief and convinced beyond any doubt that this action is in the best interests of [her child]." Appellant further acknowledged in her consent that she understood that she had ten days to withdraw her consent by filing a notice of withdrawal in the form of an affidavit filed with the clerk of the court pursuant to Arkansas Code Annotated section 9-27-341(g)(1)(A) and that the ten-day-calendar-day period ended on August 3, 2018. After accepting appellant's consent, the trial court granted appellant's request to be excused.

After appellant had been excused, the hearing continued, and the trial court heard testimony and received evidence on DHS's petition to terminate parental rights. This

testimony included proof of statutory grounds for termination, adoptability of the child, and best interest. At the conclusion of the hearing, appellant's attorney requested that the record remain open for the ten days in which appellant had the right to change her mind about the consent she signed. The trial court agreed.

Despite the fact that the deadline to file a withdrawal of her consent expired on August 3, 2018, appellant subsequently filed a handwritten pro se signed note with the clerk of the court on August 10, 2018, that simply stated, "I Katherine Carolyn Parker want/need to revoke signing my rights over on my daughter [G.P.]." The trial court held a hearing regarding appellant's request to revoke her consent on September 19, 2018. At the conclusion of the hearing, the trial court orally granted DHS's petition for termination of appellant's parental rights, and a written order was filed on October 7, 2018, terminating appellant's parental rights on five statutory grounds for involuntary termination in addition to the voluntary-consent ground. The trial court made the following pertinent findings:

> The termination hearing began on June 20, 2018 which was continued to July 24, 2018 by agreement of Parent Counsel and the Attorney Ad Litem. *At the July 24, 2018 trial, Defendant, Katherine Parker, signed a waiver of parental rights pursuant to Arkansas Code Annotated Section 9-27-341(g)(1)(A), which was filed with the Miller County Circuit Clerk.* Subsequently, . . . on the 10th day of August, 2018, the Defendant Katherine Parker filed an ex parte revocation of the waiver of parental rights. *The filing of this revocation was seven (7) days late pursuant to Arkansas Code Annotated Section 9-27-341(g)(l)(A) and the attempted revocation was not considered by the court.* The Plaintiff orally moved to strike the revocation for not being within the time frame allowed by Arkansas Code Annotated Section 9–27–341(g)(l)(A).

> The July 24, 2018 hearing was then continued to September 19, 2018 to discuss the mother's revocation of her waiver *that she filed seven days after the expiration of the waiver.* The above-entitled action is presented to the Court for the adjudication of a petition filed by the Arkansas Department of Human Services ("the Department") to terminate the rights of the parents requested below, the Honorable Carlton D. Jones presiding.

. . . .

From the testimony, exhibits, statements of the parties and counsel, the record herein and other things and matters presented, the Court noting the best interests, welfare, case plan, health and safety and appropriate statutory placement alternatives, does hereby FIND, ORDER, and ADJUDGE by clear and convincing evidence:

. . . .

6. After considering the evidence, the Court finds that the evidence proves the following grounds:

a. That the juvenile(s) has been adjudicated by the Court to be dependent-neglected on April 20, 2016 and has continued out of the custody of the parent(s) for twelve (12) months and despite a meaningful effort by the department to rehabilitate the parent(s) and correct the conditions which caused removal, those conditions have not been remedied by the parent(s). A.C.A. § 9-27-341(b)(3)(B)(i)*(a)*.

b. The juvenile(s) has lived outside the home of the parent(s) for a period of twelve (12) months and the parent has willingly failed to provide significant material support in accordance with the parent's means or to maintain meaningful contact with the juvenile(s). A.C.A. § 9-27-341(b)(3)(B)(ii)*(a)*.

c. The parent(s) has abandoned the juvenile(s). A.C.A. § 9-27-341(b)(3)(B)(iv).

d. *Ark. Code Ann. § 9-27-341(b)(3)(B)(v)(a) A parent has executed consent to termination of parental rights or adoption of the juvenile, subject to the court's approval.*

e. That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile(s) in the custody of the parent(s) is contrary to the juvenile(s)'s health, safety or welfare and that despite the offer of appropriate family services, the parent(s) has/have manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent(s)'s circumstances which prevent the placement of the juvenile(s) in the custody of the parent(s). A.C.A. § 9-27-341(b)(3)(B)(vii)*(a)*.

f. The parent is found by a Court of competent jurisdiction, including the Juvenile Division of Circuit Court to:

5

A.   A juvenile has been abandoned, chronically abused, subjected to extreme or repeated cruelty, sexually abused, or a determination has been or is made by a judge that there is little likelihood that services to the family will result of successful reunification.

7.   The Court also finds that the evidence proves the termination of parental rights is in the best interest of the juvenile. In making this finding, the circuit court considered all relevant factors, including the likelihood that the juvenile would be adopted if the parental rights were terminated, and the potential harm, specifically addressing the effect on the health and safety of the juvenile, that could be caused by returning the juvenile to the mother.

. . . .

8.   The Court, therefore, grants the Department's petition and terminates all parental rights between Katherine Parker and [G.P.] pursuant to section 9-27-341 of the Arkansas code.

(Emphasis added.) This appeal followed.

## II. *Standard of Review*

A trial court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Posey v. Ark. Dep't of Health & Human Servs.*, 370 Ark. 500, 262 S.W.3d 159 (2007). On appeal, the appellate court reviews termination-of-parental-rights cases de novo but will not reverse the trial court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a

6

finding is clearly erroneous, an appellate court gives due deference to the opportunity of the trial court to judge the credibility of witnesses. *Id.*

In order to terminate parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii). The order terminating parental rights must also be based on a showing of clear and convincing evidence as to one or more of the grounds for termination listed in section 9-27-341(b)(3)(B). However, only one ground must be proved to support termination. *Reid v. Ark. Dep't of Human Servs.*, 2011 Ark. 187, 380 S.W.3d 918.

### III.  *Termination Based on Parental Consent*

Appellant generally argues on appeal that the trial court erred in terminating her parental rights because there was insufficient proof offered to support the statutory grounds alleged by DHS in its petition and because termination was not in G.P.'s best interest. Alternatively, appellant argues that if we affirm the termination, the case must be reversed for the entry of an order voluntarily terminating parental rights based on her consent.[2]

A parent's executed consent to the termination of his or her parental rights, subject to the court's approval, is enumerated as a ground for termination pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(v)*(a)*. In this case, appellant signed her consent

---

[2]Although appellant separately addressed each of her arguments in a different order in her brief, we address them together in this order because the arguments are so intertwined under the unique circumstances of this case.

to the termination of her parental rights on July 24, 2018, immediately prior to the termination hearing. In her written consent, appellant specifically stated that she was freely and voluntarily relinquishing all her "rights and terminate my relationship of parent and child as to [G.P.] in order that the said child may be placed in a permanent home." Moreover, she stated that she was of the "firm conviction and belief and convinced beyond any doubt that this action is in the best interests of [her child]." Therefore, if valid, appellant acknowledged in her written consent that she was waiving any challenge to the sufficiency of statutory grounds and best interest. Appellant further acknowledged that she understood that she had ten days to withdraw her consent by filing a notice of withdrawal in the form of an affidavit filed with the clerk of the court pursuant to Arkansas Code Annotated section 9–27–341(g)(1)(A) and that the ten-day-calendar-day period ended on August 3, 2018.

This brings us to appellant's argument that she withdrew her consent and that the trial court erred in failing to accept her revocation. Arkansas Code Annotated section 9–27–341(g) provides the following:

> (1)(A) A parent may withdraw consent to termination of parental rights within ten (10) calendar days after it was signed by filing an affidavit with the circuit clerk in the county designated by the consent as the county in which the termination of parental rights will be filed.
>
> (B) If the ten-day period ends on a weekend or legal holiday, the person may file the affidavit the next working day.
>
> (C) No fee shall be charged for the filing of the affidavit.
>
> (2) The consent to terminate parental rights shall state that the person has the right of withdrawal of consent and shall provide the address of the circuit clerk of the county in which the termination of parental rights will be filed.

8

The record is clear that appellant's ten-day period to withdraw consent expired on August 3, 2018. Here, appellant filed a handwritten pro se note on August 10, 2018, that simply stated, "I Katherine Carolyn Parker want/need to revoke signing my rights over on my daughter [G.P.]." This note, however, failed to comply with Arkansas Code Annotated section 9-27-341(g) in that the attempted revocation was filed seven days past the withdrawal period. Furthermore, the document was not a sworn statement nor was it notarized, and it did not contain any other characteristics of an affidavit as required by Arkansas Code Annotated section 9-27-341(g)(1)(A). Nevertheless, the trial court held a hearing regarding the attempted withdrawal of consent, and DHS moved to strike the August 10, 2018 document. In her brief on appeal, appellant faults the trial court for failing to allow her to present any evidence on the issue. We disagree.

Appellant's counsel admitted at the hearing that a message was left on her answering machine from appellant at 4:00 p.m. on the last day within the withdrawal period. Counsel explained that appellant simply stated that she wanted to sign a paper without any further information. Moreover, appellant did not leave her phone number, and counsel's secretary had been unable to reach appellant until after the August 10, 2018 pro se document had been filed. The trial court additionally allowed appellant to personally address the court at the hearing. Appellant did not offer any explanation as to why her document was untimely or why she failed to comply with the statute. Instead, appellant offered excuses as to why she had failed to comply with the case plan and advised the court that she was planning to find employment. At the conclusion of the hearing, the trial court specifically asked appellant's counsel whether there was anything else that needed to be presented before the

9

court, and appellant's counsel replied that there was not. In the subsequent termination order, the trial court specifically stated that it had not considered the attempted revocation and listed appellant's consent as a statutory ground for the termination. Based on this record, we cannot say that the trial court erred in failing to consider appellant's attempted revocation or in terminating appellant's parental rights based on her consent.

Finally, we do find merit in appellant's argument that the termination order should be corrected to reflect that the termination of parental rights was *voluntary* based on her consent. The trial court's order currently reflects that appellant's parental rights were terminated based on her consent in addition to five other statutory grounds for *involuntary termination*. As already explained, consent operates as a ground for termination under our Juvenile Code, and a parent may consent to termination of parental rights, subject to the court's approval. *Id.* Ark. Code Ann. § 9-27-341(b)(3)(B)(v)*(a)*. Consent does not, however, carry the same onus as involuntary termination in which a parent still has other children in his or her custody. *Jordan v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 592. Only a prior *involuntary* termination of parental rights in one child serves as a ground to terminate a parent's rights in another child. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(4)*. For that reason, the involuntary termination of appellant's parental rights in this case has future implications that voluntary termination may not, and the order should be corrected.

Although appellant requests that we remand this case to the trial court, there is no reason to do so. The law is clear that in a traditional equitable action, an appellate court may always enter such order as the trial court should have entered. *Manken v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 100, 483 S.W.3d 834. When the record is fully developed

10

and we can plainly see where the equities lie, this court should decide the case without remanding it to the trial court. *Id*. Here, there is no need for additional evidence to be presented or for the trial court to make any additional findings and thus no need for a remand. Appellant's parental rights were terminated based on her consent pursuant Arkansas Code Annotated section 9-27-341(b)(3)(v)*(a)*. To the extent that the order might be read in the future as an involuntary termination of appellant's parental rights to this child, we hereby modify the order to make it clear that the termination of appellant's parental rights herein is consensual and voluntary and not involuntary.

Affirmed as modified.

KLAPPENBACH and BROWN, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

*Callie Corbyn*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.